U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 2 0 2006

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| TRAVOR LANCE MABOU, ET AL. | CIVIL ACTION NO. 05-2090 |
|---|---|
| -vs- | JUDGE DRELL |
| GEICO INSURANCE COMPANY | MAGISTRATE JUDGE KIRK |

## RULING ON MOTIONS FOR PARTIAL SUMMARY JUDGMENT

Before the Court is a motion for partial summary judgment [Doc. #19] filed by defendant Government Employees Insurance Company ("GEICO").[1] Plaintiffs Travor Lance Mabou and Stacey Mabou[2] (collectively the "Mabous") filed an opposition to the government's motion [Doc. #24]. With leave of court, GEICO replied to the Mabous' opposition [Doc. #27]. With further leave of court, the Mabous filed a supplemental opposition [Doc. #30], and GEICO filed a second reply brief [Doc. #33]. GEICO then filed a second motion seeking partial summary judgment [Doc. #35], to which the Mabous elected not to respond. For the following reasons, the defendant's motions for partial summary judgment will be GRANTED.

---

[1] Government Employees Insurance Company was improperly named as "Geico Insurance Company." GEICO is a mere contraction.

[2] Plaintiffs bring this case individually and on behalf of their one child, Mr. Mabou's two minor children, and Mrs. Mabou's minor daughter.

## BACKGROUND

Travor Lance Mabou was employed as a claims appraiser/adjuster with GEICO. Because his job involved a large amount of driving, he was furnished with a company car, which was also insured through GEICO. On October 6, 2003, while driving from Alexandria to Natchitoches, Earl Walker, who was insured by State Farm Mutual Insurance Company ("State Farm"), rear-ended Mr. Mabou's vehicle. Mr. Mabou's misfortune continued. On October 21, 2003, a vehicle driven by Annie Black struck Mr. Mabou's vehicle in Natchitoches. Stacey Mabou, Mr. Mabou's wife, was a passenger in the vehicle at the time of the second accident. Mr. Mabou claims that he suffered neck, head, and face pain as a result of the first accident and aggravated headaches as a result of the second. Mrs. Mabou claims to have suffered neck and shoulder pain. Mr. Mabou further claims that he is now unable to work due to these injuries. Mr. Mabou was within the scope of his employment with GEICO at the time of both of these accidents. Pet. Damages ¶ 4 [Doc. #1]. Pursuant to signed releases, the Mabous settled all claims against the two drivers and State Farm.

Mr. Mabou filed a claim for workers' compensation benefits with the Louisiana Office of Workers' Compensation on October 21, 2005. Plaintiffs filed a petition for damages in the Ninth Judicial District Court, Parish of Rapides, State of Louisiana, on October 24, 2005. GEICO filed a notice of removal to this Court on November 28, 2005 [Doc. #3].

## DISCUSSION

### A. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law." See Anderson, 477 U.S. at 248. A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See id.; Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

In making its determination, the court must draw all justifiable inferences in favor of the non-moving party. See Anderson, 477 U.S. at 255. Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-moving party must come forward, after adequate time for discovery, with "specific facts" showing a genuine factual issue for trial. See FED. R. CIV. P. 56(e);

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).³ Such evidence should create more than a metaphysical doubt about the material facts or should be more than a theoretical possibility that the claim is good. See Matsushita, 475 U.S. at 586; Pennington v. Vistron Corp., 876 F.2d 414, 426 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1123 (5th Cir. 1988). The moving party need only point out the absence of evidence supporting the non-moving party's case, and it "need not negate the elements of the nonmovant's case." See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Allegations in the pleadings, naked assertions of factual disputes, and conclusory allegations are not sufficient. See Fontenot v. Upjohn Co., 780 F.2d 1190, 1195-96 (5th Cir. 1996).

While the party opposing the motion may use proof filed by the movant to satisfy his burden, "only evidence–not argument, not facts in the complaint–will satisfy" the burden. See Solo Serve Corp. v. Westowne Assocs., 929 F.2d 160, 164 (5th Cir. 1991). "Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." See Larry v. White, 929 F.2d 206, 211 n.12 (5th Cir. 1991). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003)

---

³ Local Rule 56.2 also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

(internal citations omitted). Moreover, we apply the substantive law of Louisiana to this case. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78-79 (1938); Am. Nat'l Gen. Ins. Co. v. Ryan, 274 F.3d 319, 328 (5th Cir. 2001).

## B. Travor Lance Mabou's Claims

Plaintiffs seek to recover uninsured/underinsured motorist benefits from GEICO. Defendant argues that because Mr. Mabou was injured within the scope of his employment, his exclusive remedy against GEICO is for workers' compensation benefits.

Under Louisiana law, the theory of "dual capacity," by which an employee could sue an employer for work-related injuries if the employer was being sued in a capacity other than as employer, has been eliminated. Indeed, the Louisiana Workers' Compensation Law specifically states that "this exclusive remedy is exclusive of all claims, including any claims that might arise against his employer ... under any dual capacity theory or doctrine." LA. REV. STAT. § 23:1032(A)(1)(b). Moreover, "an employer [in Louisiana] may not be held liable for damages under any contractual or 'dual capacity' theory." Putzeys v. Schreiber, 90-0876, p.4 (La. App. 4 Cir. 2/28/91); 576 So. 2d 563, 566.

Each party asserts that the Louisiana Supreme Court's decision in Wright v. State of Louisiana supports its position. 639 So. 2d 258 (La. 1994).[4] In Wright,

---

[4] The Louisiana Supreme Court distinguished the facts in Wright from its previous holding in Ducote v. Albert, 521 So. 2d 399 (La. 1988), which was legislatively overruled in 1989, as reflected in the statutory provision discussed supra. In Ducote, a company physician was deemed liable for a breach of his duty as a medical professional, regardless of being the co-employee of the patient, under a dual capacity theory.

the plaintiff suffered a hernia in the course of his employment as a security guard at the defendant hospital. At that same hospital, he underwent hernia repair surgery, which he alleged was negligently performed. The court concluded that the hernia repair surgery was a completely separate transaction from the work-related injury. Under these circumstances, the hospital was merely acting as a medical provider. Thus, Wright's medical malpractice claim was not barred by the Workers' Compensation Law. Interpreting the statute, the Wright court did not "believe the legislature intended the exclusive remedy provision of the Workers' Compensation Law to relieve employers from tort liability for negligence unrelated to the employment relationship." Wright, 639 So. 2d at 260-61.

Here, Mr. Mabou was injured in the scope of his employment, driving a vehicle furnished to him by his employer, GEICO. Significantly, GEICO also provided the insurance coverage for the vehicle. His injury was clearly related to the employment relationship. Thus, a dual capacity situation exists, and his exclusive remedy against GEICO is workers' compensation. Given the plain meaning of the statute, the Court does not find plaintiffs' distinction between tort and contract liability to be valid.[5] As such, under these particular circumstances, GEICO is entitled to judgment as a matter of law with respect to Mr. Mabou's claims. Because Mrs. Mabou was not injured in the scope of employment, her

---

[5] Plaintiffs' nearly four-page recitation of Roberts v. Sewerage and Water Bd. of New Orleans, 634 So. 2d 341 (La. 1994), is inapposite. See Pls.' Supplemental Opp'n 2-6. In Roberts, the Louisiana Supreme Court held that an exception to the exclusive compensation remedy between employer and employee exists with respect to a third party wrongdoer whose fault caused the injury or death of the employee. Roberts, 634 So. 2d at 345. GEICO cannot be considered a third party in this case.

claims withstand the motion for summary judgment under the exclusive remedy theory.

C. **Stacey Mabou's Claims For Medical Benefits**

With respect to Mrs. Mabou's claims for medical benefits under the GEICO insurance policy, GEICO asserts in its second motion for partial summary judgment that by virtue of the Mabous' settlements with State Farm, she has waived any claims for medical benefits under that policy. In particular, GEICO references the subrogation section of the policy, which indicates that the "insured will do nothing after loss to prejudice these rights." Def.'s Second Mem. 2.

If an insurer makes payment to its insured, it becomes subrogated, "standing in the shoes of its insured." Egros v. Pempton, 606 So. 2d 780, 786 (La. 1992). As such, the insurer is entitled to recover what it has paid and is subrogated to the insured's right of action against a tortfeasor. Id. "[W]hen an insured releases his debtor and thereby deprives the insurer of its subrogation right, the insurer is discharged to the degree of impairment from its liability under the policy." Belt v. Farm Bureau Ins. Co., 87-71, p.5 (La. App. 3 Cir. 3/2/88); 524 So. 2d 1256, 1260; Ritchey v. Dees, 87-1286, p.4-5 (La. App. 3 Cir. 3/15/89); 540 So. 2d 1265, 1268-69 (following Belt); Stamper v. Liberty Mut. Ins. Co., 2003-2764, p.3 (La. App. 1 Cir. 10/29/04); 897 So. 2d 142, 144 (citing Belt and Ritchey); see also Munster v. Smith, 05-356, p.5 (La. App. 5 Cir. 11/29/05); 917 So. 2d 1180, 1184 (plaintiffs not entitled to medical payment coverage where claim not made until they had entered into settlement and release with tortfeasor and

her insurer). Therefore, the impairment of GEICO's subrogation rights caused by Mrs. Mabou's release of the two tortfeasors and their insurer, State Farm, resulted in the loss of her right to recover beyond GEICO's impairment under the medical payment provisions of its policy. As such, to the extent that its right of subrogation was impaired, GEICO is entitled to judgment as a matter of law with respect to Mrs. Mabou's claims for medical benefit payments.

## CONCLUSION

Based on the foregoing reasoning, the defendant's motions for partial summary judgment will be GRANTED.

SIGNED on this 20th day of July, 2006, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE